IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN LONG, BARBARA LYONS, and GREGORY KOGER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | No. 14 C 6361 |
| v. | ) ) | |
| THOMAS J. DART, SHERIFF OF COOK COUNTY; and COOK COUNTY, ILLINOIS, | ) ) ) ) | |
| Defendants. | ) | Jury Trial Demanded |

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS,
DECLARATORY JUDGMENT AND OTHER INJUNCTIVE RELIEF**

Plaintiffs KEVIN LONG, BARBARA LYONS, and GREGORY KOGER, by their undersigned attorneys, pursuant to 42 U.S.C. §1983 complain against the Defendants Sheriff Thomas J. Dart and Cook County as follows:

**Nature of the Case**

1. This is a civil rights action in which Plaintiffs seek relief for Defendants' violations of rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, and the First Amendment to the United States Constitution.

2. At all times relevant, Defendant Dart has promulgated and enforced a constitutionally defective policy that prohibits all inmates at the Cook County Jail from having more than three total books or magazines, resulting in the interference with Plaintiffs' and others' First Amendment rights under the United States Constitution.

3. Plaintiffs seek a declaratory judgment that Defendant Dart's policy of prohibiting inmates from having more than three total books or magazines violates Plaintiffs' First Amendment rights. Plaintiffs Koger and Long seek compensatory damages for the loss of their property pursuant to the policy. Plaintiffs seek injunctive

1

relief to prohibit Defendant Dart from enforcing such a policy in the future. All Plaintiffs seek nominal monetary damages ($1.00) for Defendant Dart's violation of their First Amendment rights, as well as such other relief as this Court deems equitable and just.

## Jurisdiction and Venue

4. Jurisdiction is proper in this court pursuant to 28 U.S.C. §§ 1331 and 2201. Pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, this Court has jurisdiction to declare the rights of the parties and to grant all further relief deemed necessary and proper. Rule 65 of the Federal Rules of Civil Procedure authorizes injunctive relief. This Court has authority to award costs and attorneys' fees under 42 U.S.C. §§ 1988 and 3613(c)(2).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as all the events giving rise to the claims asserted herein occurred in Cook County.

## Parties

6. Plaintiff Kevin Long is a citizen of the United States and at all times relevant hereto was a resident of the City of Chicago, Illinois. At all times relevant to this complaint, Long was a detainee at Cook County Jail awaiting trial. Long remains imprisoned at Cook County Jail as of this filing.

7. Plaintiff Barbara Lyons is a citizen of the United States and at all times relevant hereto was a resident of the City of Evanston, Illinois. Lyons has a strong and abiding interest in prison conditions and frequently corresponds with prisoners in jails and prisons. Lyons regularly sends books and other reading materials to prisoners, including individuals detained at Cook County Jail; and she seeks to continue to do so in the future.

8. Plaintiff Gregory Koger is a citizen of the United States and at all times relevant times hereto was a resident of Chicago, Illinois. Koger was an inmate at the Cook County Jail from on or about July 23, 2013 to October 24, 2013.

9. Defendant Thomas J. Dart is and at all time relevant hereto was the Sheriff of Cook County and is and was responsible for the day-to-day operations of the Cook County Department of Corrections. Plaintiff sues Dart in his official capacity.

2

10. Plaintiff joins Cook County pursuant to Carver v. Sheriff of LaSalle County, 324 F. 3d 947 (7th Cir. 2003). Cook County is empowered and directed to pay any judgment for compensatory damages (and associated attorneys' fees and costs) for which any Cook County employee acting within the scope of his/her employment is found liable.

**Factual Allegations**

11. Plaintiff Long was admitted to Cook County Jail, located at 2600 South California Ave., Chicago, Illinois, on or about March 17, 2010 in association with his arrest on March 16, 2010 for allegedly trying to carry a recently purchased, unopened packages of knives into the Cook County courthouse. Plaintiff Long remains at Cook County Jail awaiting his trial date, currently scheduled for September 2014.

12. Plaintiff Koger was admitted to Cook County Jail on or about July 23, 2013 to serve the remaining portion of his 300-day sentence for misdemeanor criminal trespass, simple battery and resisting arrest. Koger was released from the Cook County Jail on October 24, 2013.

13. Long, Koger and other detainees at the jail have had their books and magazines confiscated as a result of the Sheriff's policy limiting detainees to three total books or magazines.

14. In particular, on October 5, 2013, Plaintiffs Long and Koger and other detainees on Deck 3A of Division 10 of the Cook County Jail had their cells searched by guards for the purpose of removing all books and magazines beyond the three permissible under the jail's policy.

15. During this search, the guards confiscated four paperback books that belonged to Long, including a paperback Yiddish dictionary. Long has never seen these books again.

16. Guards confiscated more than 40 books that belonged to Koger. Koger has never seen these books again.

17. The guards left Plaintiffs Long and Koger with three books each, not bothering to ask which three books they desired to keep.

18. During this same search on Deck 3A of Division 10, guards confiscated the books and magazines from other inmates who had in their possession more than three books or magazines, randomly selecting which books and magazines to leave the detainees.

19. Long needs access to legal books to adequately participate in his defense from the charges he is facing.

20. As a result of the jail's policy, Long's legal books may be confiscated at any time.

21. Plaintiff Lyons frequently corresponded with Plaintiff Koger while he was detained at the Cook County Jail and she continues to correspond with and send books to prisoners in other jails and prisons throughout the United States.

22. In the past, Plaintiff Lyons has sent books to Plaintiff Koger at the Cook County Jail. Plaintiff Lyons would like to send reading materials to other detainees at the Cook County Jail in the future.

23. As a result of the Cook County Jail's policy, books that Lyons sent to Plaintiff Koger were confiscated and never returned.

24. As a result of the Cook County Jail's policy limiting detainees to three total books or magazines, Lyons is afraid that books or magazines she sends to detainees at the jail will be confiscated by jail staff.

### The Jail's Policies

25. The Cook County Department of Corrections has a formal written policy that absolutely prohibits inmates at the Cook County Jail from having more than three total books or magazines. Specifically, the section of the Cook County Jail Inmate Handbook titled "Items Allowed in Your Cell" provides that inmates may possess "three (3) total—magazines or books per inmate."

26. Exempted from this restriction are "religious material[s]."

27. The policy makes no exception for law books or other legal materials, thereby restricting detainees' and inmates' access to the courts.

28. Inmates are charged with reading and complying with the policies set forth

4

in the Handbook and can be disciplined for failure to comply with the mandates set forth therein.

29. The express written policy prohibiting inmates from having more than three total books or magazines directly results in violations of Plaintiffs Long and Koger's and other inmates' First Amendment rights as it unreasonably and irrationally censors and restricts their ability to receive information, even though inmates' possessing more than three books or magazines does not create any substantial safety or security risk.

30. The express written policy prohibiting inmates from having more than three total books or magazines directly results in violations of Plaintiff Lyons' First Amendment right to communicate with and provide information to prisoners.

31. Although the policy that is set forth in the inmate handbook and distributed to all inmates prohibits inmates from possessing more than a total of three books or magazines, there is confusion about the jail's policy because the jail has made numerous conflicting statements about its policy on books and magazines and has enforced these policies arbitrarily:

    (a)    In sworn answers to interrogatories in the case *Koger v. Dart et al.*, 13 C 7150, a pending matter which challenges the Cook County Jail's blanket ban on newspapers, counsel for Sheriff has stated that the sheriff permits inmates to possess "three books *and* three magazines." (emphasis added).

    (b)    In *Koger v. Dart et al.,* Scott Kurtovich, Sheriff Dart's designated witness pursuant to Rule 30(b)(6) for matters concerning jail policies on access to newspapers and other printed materials, testified that the jail does not limit inmates to three books or three magazines at a time, but rather that inmates may possess in their cells as many books, magazines and other pieces of non-contraband personal property as they can fit into a "property box."

    (c)    The jail's General Orders about inmates' receipt of mail also contradict the policy set forth in the handbook. Specifically, G.O. 10.14 states that inmates may receive an unlimited number of paperback books and magazines in the mail as long as they are "limited to three (3) per mailing."

    (d)    There is evidence that the three-book limitation is enforced arbitrarily and unpredictably. Evidence in *Koger v. Dart* reflects that while Plaintiff Gregory Koger was incarcerated at Cook County Jail in 2013, the jail's mailroom staff accepted and delivered to Koger at least 42 books and one magazine. Koger was able to keep these books in his cell until October 5, 2013, when deputies decided to confiscate all but three of his books. Likewise, in Plaintiff Long's four years in the jail, the policy has only been enforced once—on October 5, 2013—when deputies decided to confiscate all but three of his books.

32.    The result of this contradictory information and arbitrary enforcement is that people do not know what the policy is and are always at risk of having the three-book limitation enforced at any time and being punished for having more than three books in their possession.

33.    This impermissibly confusing policy has a chilling effect, preventing Plaintiff Long and other inmates from knowing how many books and/or magazines they are entitled to possess, and preventing Plaintiff Lyons and others from knowing how many books and magazines they can send to inmates.

## COUNT I
## 42 U.S.C § 1983: First Amendment

Plaintiffs reallege paragraphs 1-33 as if fully set forth herein.

1.    The Cook County Department of Correction's policies described herein violate the Plaintiffs' and others' First Amendment Rights in three distinct ways: (1) the policy limiting inmates to possessing three total books and magazines is overly broad on its face; (2) the confusing and contradictory policies fail to give fair and adequate notice to detainees and individuals who seek to send reading materials to detainees, thereby chilling Plaintiffs and others from engaging in protected First Amendment speech; and (3) by privileging religious books over non-religious books, the policy violates the mandate for governmental neutrality between religion and non-religion.

**WHEREFORE**, Plaintiffs request that this Honorable Court:

    a.    Enter a declaration that the Cook County Department of Correction's

      policy limiting inmates to possessing a total of three books and magazines violates the First Amendment to the United States Constitution;

b. Enter a preliminary and then permanent injunction barring Defendant Dart and his agents, servants, employees and attorneys from enforcing the policy challenged herein;

c. Enter judgment for reasonable attorney's fees and costs incurred in bringing this action;

d. Award Plaintiffs Long and Koger compensatory damages for the loss of their books as a result of the policy;

e. Award all Plaintiffs nominal damages ($1.00) for violation of their First Amendment rights; and

f. Award such other and further relief as this Court may deem appropriate and equitable.

**Plaintiffs demand trial by jury.**

    Respectfully submitted,

    /s/ Mark G. Weinberg

    /s/ Adele Nicholas
    *Counsel for Plaintiffs*

Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, IL 60641
Ph. (773) 283-3913

Law Office of Adele D. Nicholas
4510 N. Paulina Street, 3E
Chicago, Illinois 60640
847-361-3869