IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA LYONS and GREGORY KOGER, | ) ) ) | |
| Plaintiffs, | ) ) | No. 14 C 6361 |
| v. | ) ) ) | Magistrate Judge Maria Valdez |
| COOK COUNTY and THOMAS J. DART, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Leave to File the Attached First Amended Complaint Instanter. [Doc. No. 57] This Court has jurisdiction pursuant to 28 U.S.C. §1331. For the following reasons, the Plaintiffs' motion is GRANTED.

## BACKGROUND

The claim in this case arises from the enforcement of a Cook County Jail policy which the Plaintiffs claim violates the First Amendment rights of both inmates at the Jail as well as citizens outside the jail who wish to communicate with those inmates. Plaintiff Gregory Koger was an inmate at the Cook County Jail from July 2013 to October 2013. Plaintiff Barbara Lyons is a resident of the city of Evanston, Illinois. According to the complaint, Lyons frequently corresponds with prisoners held at the Cook County Jail by sending them reading materials. Kevin Long—initially the lead plaintiff in this case—was also an inmate at the Cook County Jail beginning March, 2010. In May of 2015, Long informed the Court that

he no longer wished to pursue his claims and was dismissed from the matter, leaving Lyons and Koger as plaintiffs.

According to the complaint, the Cook County Jail maintains a policy under which an inmate may possess only three magazines or books in his cell. Plaintiffs allege that, on October 5, 2013, inmates on Deck 3A of Division 10 of the Cook County Jail had their cells searched and had reading materials confiscated pursuant to this policy. In their single claim, Plaintiffs argue that the policy and its enforcement violate their First Amendment rights. Pursuant to 42 U.S.C. § 1983, Plaintiffs seek a declaration that the policy is unconstitutional and a permanent injunction barring the enforcement of the policy, as well as nominal damages.

Near the outset of the litigation, Plaintiffs moved to expedite discovery related an earlier-filed motion for preliminary injunction, and in April the parties agreed to a 120-day timeframe for such discovery. In September, 2015, however, the Plaintiffs withdrew their motion for a preliminary injunction and the parties instead agreed to proceed by cross-motions for summary judgment, a briefing schedule for which was set to begin in January 2016. At the same time, the parties agreed to complete all discovery by November 2015. [Doc. No. 56] Shortly thereafter, Plaintiffs filed their motion for leave to file their first amended complaint, [Doc. No. 57], which is now before the Court.

In their motion, Plaintiffs maintain their single claim but seek to add five additional plaintiffs. Four of these plaintiffs—Gerald Washingon, Jerry Collins, Jovanny Martinez, and Uzziel Roman—are pre-trial detainees currently held at the

Cook County Jail. In the amended complaint, all four allege that they—like Koger—were housed on Deck 3A of Division 10 on October 5, 2013 and had reading materials seized pursuant to jail policy on that day. The fifth prospective plaintiff, Shakira Carter, is the fiancée of Plaintiff Jerry Collins and claims to "regularly and consistently" send Collins reading materials. (Pls.'s Mot., Exh. 1 ¶8.)

## DISCUSSION

Defendants argues that granting leave to amend is improper in this case because the Plaintiffs have unduly delayed seeking leave to amend and because allowing the amendment would result in undue prejudice due to the additional discovery and potential impact on the summary judgment schedule occasioned by the amendment. However, because the Court finds that Plaintiffs have not unduly delayed and that granting leave to amend is not unduly prejudicial to the Defendants, the motion is granted.

Federal Rule of Civil Procedure 15(a) provides that, after a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The rule prescribes a liberal standard for amendment and "require[s] a district court to allow amendment unless there is a good reason . . . for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The terms of the rule, however, do not mandate that leave be granted in every case." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir.

2007) (quoting *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir.2002)) (internal quotation marks omitted). "Reasons for finding that leave should not be granted include 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . .' " *Id.* (quoting *Foman*, 371 U.S. at 182). "[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011) (quoting *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir.2002)) (internal quotation marks omitted).

Defendants first argue that Plaintiffs should be denied leave to amend their complaint because of undue delay, which they claim is shown because "the amended pleading was put forward more than one year after Plaintiffs commenced this action, and almost two years after the alleged incident that sparked this action." (Defs.' Resp. at 5.) As the Seventh Circuit has specified, however, "delay by itself is normally an insufficient reason to deny a motion for leave to amend. Delay must be coupled with some other reason. Typically, that reason . . . is prejudice to the non-moving party." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) (internal citation omitted); *see also Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) ("[W]hile delay on its own is usually not reason enough for a court to deny a motion to amend, the "longer the delay, the greater the presumption against

4

granting leave to amend.") (quoting *King v. Cooke*, 26 F.3d 720, 723 (7th Cir.1994)) (internal citation omitted).

While the issue of prejudice will be addressed in more detail below, in this case there was no undue delay. Defendants are correct that the Plaintiffs have sought to amend their complaint nearly two years after the incident in question and one year after filing the original complaint; this does not, however, constitute undue delay on its own. Instead, the Seventh Circuit has specified that the focus of the analysis should be on the moving party's reasons for the delay. *See Hindo v. Univ. of Health Sciences/The Chicago Med. Sch.*, 65 F.3d 608, 615 (7th Cir. 1995); *Sanders v. Venture Stores*, Inc., 56 F.3d 771, 774 (7th Cir. 1995). In this case, although the suit has been active for more than one year, Plaintiffs have only known about the potential parties they seek to add as plaintiffs for three months, when their identities were disclosed through Defendants' responses to written discovery. (Pls.' Mot. at 5.) Furthermore, there is no indication—and Defendants make no allegation—that Plaintiffs should have known of these parties' existence before that time, a fact which could otherwise weigh against permitting amendment. *See Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) ("Especially when the motion [to amend] is filed long after the original complaint was filed (16 months after, in this case), and is based solely on a document that the movant had discovered more than a year earlier, the court is entitled to demand reasons for thinking that the denial of the motion would work a serious injustice."). This therefore is not a case where Plaintiffs "have provided no reasons for the

delay," *see Sanders*, 56 F.3d at 775, and Plaintiffs have not unduly delayed seeking to amend their complaint based on those reasons. *See Life Plans, Inc.*, 800 F.3d at 358 ("If discovery shows that a party should be added, and if the moving party has been diligent, there may well be sound grounds for amending the pleadings and even adding a new party."); *cf. Cowart v. David J. Axelrod & Associates*, No. 03 C 5341, 2004 WL 1013352, at *2 (N.D. Ill. Apr. 27, 2004) (permitting amendment were case had been pending "for approximately eight months" despite "Plaintiff's explanation [for] the delay in failing to include the two new counts in the original complaint remain[ing] somewhat lacking").

Defendants also argue that adding the new plaintiffs to this case would create undue prejudice by requiring additional discovery and adding new legal issues to the litigation. Defendants rely mainly on *In re Ameritech Corp.*, 188 F.R.D. 280 (N.D. Ill. 1999), in which the Court stated that "[u]ndue prejudice occurs when the amendment 'brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint' and when the additional discovery is expensive and time-consuming." *Id.* at 283 (quoting *A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385 (N.D.Ill.1975)). *Ameritech*, however, is distinguishable from this case.

In *Ameritech*, the defendant moved to add new counterclaims more than eight months after filing its first amended counterclaim and more than three months

6

after the close of discovery, despite knowing the relevant facts "for some time" beforehand. *Id.* at 282-84. The Court found that the defendant had unduly delayed in seeking to amend its counterclaim and, because the defendant sought to add class claims, that permitting amendment would require "costly discovery and briefing, apart from the merits of the litigation." *Id.* at 284-85. In denying leave to amend, the Court also noted that the defendant did not "argue that discovery led to previously unknown facts which altered the shape of the case." *Id.* at 286. In those circumstances, the "Defendant's delay in pursuing the class allegations coupled with Defendant's failure to show a valid reason for the delay persuade[d] the Court to exercise its discretion and deny the motion to amend the counterclaim." *Id.* at 286.

In this case, in contrast, Plaintiffs' delay in seeking to amend the complaint was not undue as described above. And although the parties originally agreed to an expedited schedule in relation to the now-withdrawn motion for a preliminary injunction at the beginning of the case, Plaintiffs filed their motion for leave to amend two months prior to the ultimately agreed-upon close of discovery. [Doc. Nos. 56, 57] Furthermore, while the briefing schedule for summary judgment has been set and discovery on the new claims may have an effect on that schedule, initial motions are not due to be filed for some months. [Doc. No. 56] Although the Seventh Circuit has specified that "a plaintiff's leave to amend, when filed after discovery has been closed and after a defendant's motion for summary judgment has been filed, is considered unduly delayed and prejudicial," *Sanders*, 56 F.3d at 774, that simply is not the case here. Instead, no motions have been filed, discovery is still

7

open, and "the allegations of the [new plaintiffs] encompass the same issues as the claims of the named plaintiffs, and do not advance any new legal theories." *Orlowski v. Dominick's Finer Foods, Inc.*, 937 F. Supp. 723, 733 (N.D. Ill. 1996). While "[v]irtually every amendment results in some degree of prejudice to an opposing party because of the potential for additional discovery and trial delay, *Ameritech*, 188 F.R.D. at 283, the prejudice to Defendants here is not undue.

Defendants also argue that amendment would be prejudicial because adding new plaintiffs would inject the legal issue of the new plaintiffs' exhaustion of administrative remedies into the litigation. This, potentially, is true: 42 U.S.C. § 1997e specifies that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § ]1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." However, the prejudicial effect of this potential new legal issue is minimal. The Supreme Court has specified that failure to exhaust is an affirmative defense rather than a pleading requirement, *Jones v. Bock*, 549 U.S. 199, 216 (2007), and the burden rests on the Defendant to prove a failure to exhaust. *See Salas v. Wisconsin Dep't of Corr.*, 493 F.3d 913, 922 (7th Cir. 2007). However, as "[c]ompliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust,' " *Jones*, 549 U.S. at 218, the factual information related to this issue is already in Defendants' control.[1] Rather than

---

[1] All that was required for an inmate to exhaust his remedies under the Cook County Jail's grievance procedure applicable in 2013 was that an inmate "file an Inmate Grievance Form within 15 days of the event they [were] grieving and file an appeal within 14 days of the date the detainee received a response to his or her grievance." *Jernagin v.*

8

requiring extensive additional discovery, a simple check of Defendants' own records should confirm the facts relevant to exhaustion in this case.

Defendants also ask, if leave to amend is granted, that this Court stay further discovery prior to a resolution of the exhaustion issue pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). In *Pavey*, the Seventh Circuit laid out a "sequence to be followed in a case in which exhaustion is contested" by which a district court is to determine the merits of the issue. *Id.* at 742. Such a stay, however, would be premature here: as failure to exhaust is an affirmative defense, *Jones*, 549 U.S. at 216, that issue is not part of the case at this stage. Should Defendants' answer to the amended complaint set forth such a defense, the Court will proceed as appropriate at that time.

In addition to Rule 15, the Court must also consider Federal Rule of Civil Procedure 20 when considering a motion for leave to amend which adds parties. *See Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001). In relevant part, Rule 20 specifies that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or

---

*Spann*, No. 13 C 8857, 2015 WL 4096169, at *2 (N.D. Ill. July 6, 2015).

    Plaintiffs also argue that, because the claims of the new prisoner-plaintiffs arise out of the same transaction as the current prisoner-plaintiff, this Court should adopt a theory of vicarious exhaustion to find Defendants' claims related to section 1997e unavailing. *See Phipps v. Sheriff of Cook County*, 681 F. Supp. 2d 899, 908 (N.D. Ill. 2009); *Lewis v. Washington*, 265 F. Supp. 2d 939, 942-43 (N.D. Ill. 2003); *Jones v. Berge*, 172 F. Supp. 2d 1128, 1134 (W.D. Wis. 2001). As the Court has granted the Plaintiffs' motion on other grounds, it need not address this argument.

9

fact common to all plaintiffs will arise in the action." "If joinder would create 'prejudice, expense or delay' the court may deny the motion." *Chavez*, 251 F.3d at 632 (quoting CHARLES ALAN WRIGHT, ET AL., FED. PRACTICE & PROCEDURE § 1652, at 396 (2001)). As with determinations under Civil Rule 15, the Seventh Circuit "accord[s] wide discretion to a district court's decision concerning the joinder of parties." *Id.*

The parties do not brief the applicability of Rule 20 to this case. The Court, however, notes that the Plaintiffs' amendment seeks to join plaintiffs who all allege injury arising from the same transaction, the alleged confiscation of reading material pursuant to jail policy on October 5, 2013. Furthermore, the amended complaint does not add additional legal claims but instead joins the new plaintiffs to the single claim asserted in the original complaint. As no undue prejudice will result to Defendants due to the amendment as discussed above, the requirements of Rule 20 are satisfied in this case.

## CONCLUSION

Leave to amend is to be freely granted under the Federal Rules, and Plaintiffs have not unduly delayed in seeking that leave. Since Defendants will not suffer undue prejudice as a result, Plaintiffs' Motion for Leave to File the Attached First Amended Complaint Instanter [Doc. No. 57] is GRANTED in the exercise of the Court's discretion.

SO ORDERED.                          ENTERED:

DATE:   __October 30, 2015__         _____
                                     **HON. MARIA VALDEZ**
                                     **United States Magistrate Judge**