IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY KOGER, | ) |
| Plaintiff, | ) No. 14 C 6361 |
| v. | ) Honorable Judge Maria Valdez |
| THOMAS J. DART, et al., | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT**

Plaintiff Gregory Koger, through counsel, respectfully requests that this Honorable Court grant him leave to file a second amended complaint. In support thereof, Plaintiff states as follows:

**INTRODUCTION**

In this case, Plaintiff Koger challenges the constitutionality of the Cook County Jail's policies concerning detainees' possession of books and magazines. On the parties' cross-motions for summary judgment, this Court found that Plaintiff Koger's claim for damages related to the seizure of his reading materials was barred by the *Parratt/Hudson* doctrine. On appeal, the Seventh Circuit remanded the case for a determination on the merits. *See Lyons et al. v. Dart et al.*, 17-3170 (7th Cir. Aug. 23, 2018), Slip Op. at 3–4 ("It is best to return all merits-related questions to the district court, which can determine exactly what policy the Jail is employing, how (if at all) it affected Koger, and if necessary consider the validity of that policy

and whether Koger is entitled to damages.")[1]

Plaintiff now seeks a ruling on the merits of his constitutional challenge to the Jail's policies. As the Seventh Circuit noted, there are two potential bases for liability against the Jail: (1) that the Jail's policy limiting detainees to possessing a maximum of three total secular books and/or magazines violates the First Amendment; and (2) that the Jail's policy resulted in the deprivation of Plaintiff Koger's property (*i.e.* his books) without due process in violation of the Fourteenth Amendment. *See Lyons v. Dart,* Slip Op. at 3 ("The problem with dismissing this suit under *Parratt* and *Hudson* is Koger's allegation that the confiscation of his reading material was authorized by the Jail's policy….Koger challenges the Jail's policy, and given the nature of that policy (as Koger describes it), some form of pre-deprivation process—such as asking a prisoner to designate what should be done with the excess books—would have been practical.")

The current complaint (ECF No. 57-1) is a one-count complaint alleging that the Jail's policy violates the First Amendment. Plaintiff seeks leave to file an amended complaint to clarify that he is pursuing both the First Amendment and Due Process theories.

**ARGUMENT**

Federal Rule of Civil Procedure 15(a)(2) allows amendment of a complaint with leave of court whenever "justice so requires" during the proceedings. Fed. R.

---

[1]     This Court also found that Plaintiff Barbara Lyons lacked standing to pursue her First Amendment claims. The Seventh Circuit affirmed this determination and Plaintiff is not pursuing any claims on behalf of Ms. Lyons.

Civ. P. 15(a)(2). It is well settled that leave to amend pleadings under Rule 15(a)(2) should be liberally granted—even if a party seeks to amend his complaint after the close of discovery, during trial or after judgment. *See*, *e.g.*, *Bausch v. Stryker Corp.*, 630 F. 3d 546, 562 (7th Cir. 2010) ("a court should freely give leave for a party to file an amended complaint when justice so requires. ... [W]hile a court may deny a motion for leave to file an amended complaint, such denials are disfavored."); *Lowrey v. Texas A & M University System,* 117 F.3d 242 (5th Cir. 1997) ("Rule 15(a) creates 'strong presumption' in favor of permitting amendment.") Leave to amend a complaint should only be denied when "undue surprise or prejudice" would result. *Jackson v. Rockford Housing Authority*, 213 F.3d 389 (7th Cir. 2000); *Williams v. Lampe*, 399 F. 3d 867, 871 (7th Cir. 2005) ("Amendment is allowed absent undue surprise or prejudice to the plaintiff.") (citing *Jackson*).

Defendant cannot claim that it would suffer undue surprise or prejudice if Plaintiff is granted leave to file an amended complaint putting forth both his First Amendment and Due Process theories. No new factual allegations will be made and no new discovery would be required. Indeed, Defendant asserted in its briefing on the parties' cross-motions for summary judgment that Plaintiff's claim about the seizure of his books is properly viewed as due process claim. *See* ECF No. 120, Def. Response Br. at 26–28 ("the deprivation by state action of a constitutionally protected interest in life, liberty, or property is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law."); ECF No. 128, Def. Reply Br. at 8–9 ("[B]y seeking compensation for books allegedly

3

taken from him, Plaintiff Koger seeks to remedy an alleged taking of property without due process.") Likewise, this Court also viewed Plaintiff's claim for damages as a due process claim. See ECF No. 130, Decision Granting Summary Judgment, at 14–15 ("[T]he gist of Koger's complaint is that an officer wrongfully deprived him of his books. … [A]ny due process claim based on negligence or random intentional conduct as any remedy for the lack of post-deprivation process lies in state court, not in this court.")

Plaintiff simply seeks to file an amended pleading to clarify the legal theories that he is pursuing. No additional litigation will result from allowing this amendment and Plaintiff believes that the parties can proceed promptly to a decision on the merits of the claims by way of summary judgment.[2]

WHEREFORE, Plaintiffs requests that this Court grant them leave to file the attached Second Amended Complaint.

Respectfully submitted,

/s/ Adele D. Nicholas
/s/ Mark G. Weinberg
*Counsel for Plaintiff*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
847-361-3869

---

[2] Even if Plaintiff does not amend his pleadings, he is permitted seek judgment on the merits under both the First Amendment and Due Process theories under Seventh Circuit case law. *See*, *Hatmaker v. Memorial Medical Center*, 619 F. 3d 741, 743 (7th Cir. 2010) ("plaintiffs in federal courts are not required to plead legal theories."). Counsel for Plaintiff called counsel for Defendant twice in the past week to discuss whether the parties could jointly ask the Court for a briefing schedule on summary judgment rather than proceeding with this motion, but counsel's calls were not returned.

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913