IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY KOGER,　　　　　)<br>　　　　　　　　　　　　　　)<br>　　　　Plaintiff,　　　　　　)<br>　　　　　　　　　　　　　　)　No. 14 C 6361<br>　　v.　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)　Magistrate Judge<br>THOMAS J. DART and COOK　)　Maria Valdez<br>COUNTY, ILLINOIS,　　　　　)<br>　　　　　　　　　　　　　　)<br>　　　　Defendants.　　　　　)<br>　　　　　　　　　　　　　　)| |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the parties' cross-motions for summary judgment. For the reasons that follow, Plaintiff's Motion for Summary Judgment [Doc. No. 115] is denied, and Defendants' Motion for Summary Judgment [Doc. No. 118] is granted.

## BACKGROUND

Plaintiff Gregory Koger, a former inmate of the Cook County Jail ("CCJ"), sued the Cook County Sheriff and the county for the CCJ's policy limiting inmates to three books in their cells, claiming that his books were unlawfully confiscated and destroyed by jail personnel. The operative complaint, the First Amended Complaint filed on October 30, 2015, contained a single count alleging a violation of Plaintiff's First Amendment rights.[1] In his prayer for relief, Plaintiff sought a

---

[1] Of the six other plaintiffs listed in the First Amended Complaint, the claims of four were voluntarily dismissed on January 21, 2016; two others were dismissed on summary judgment.

declaration that the three-book policy violated the First Amendment; his reasonable attorney's fees and costs; compensatory damages for the loss of his books; and $1.00 in nominal damages for the First Amendment violation. (*See* 1st Am. Compl., ¶ 35) [Doc. No. 57].

The parties filed cross-motions for summary judgment and, on September 29, 2017, this Court entered an order denying Plaintiffs' motion and granting Defendants', based on standing/mootness. The Court found that Plaintiff had no standing to seek injunctive relief because he had been released from custody and therefore was no longer subject to the three-book policy. *See Lyons v. Dart*, No. 14 C 6361, 2017 WL 4340096, at *4-5 (N.D. Ill. Sept. 29, 2017). As for his compensatory damages for the books allegedly taken from him and destroyed, the Court determined that the Inmate Information Handbook did not provide guidance for the destruction of contraband, and thus there was no evidence that any alleged destruction was due to the three-book policy. The order concluded that because there was an adequate post-deprivation remedy in state court for negligent or random deprivation of personal property, there was no colorable federal claim actionable under § 1983, citing *Parratt v. Taylor*, 451 U.S. 527 (1981) and *Hudson v. Palmer*, 468 U.S. 517 (1984). *See id.* at *6.

Plaintiffs appealed the summary judgment order, and the Seventh Circuit affirmed in part but vacated the judgment solely with respect to plaintiff Gregory

Koger's claim for damages.[2] *See Lyons v. Dart*, 901 F.3d 828 (7th Cir. 2018) ["*Lyons II*"]. The Seventh Circuit found that the confiscation of Plaintiff's books was authorized by the CCJ's policy, and *Parratt* and *Hudson* did not apply because "some form of pre-deprivation process – such as asking a prisoner to designate what should be done with the excess books – would have been practical." *Lyons II*, 901 F.3d at 830. *Lyons II* went on to state that it was premature to address the merits of the three-book policy "while it remains unclear just what policy the Jail has adopted for dealing with confiscated reading matter." *Id.* Accordingly, the case was remanded to this Court for determination of "all merits-related questions," *i.e.*, "what policy the Jail is now employing, how (if at all) it affected Koger, and if necessary to consider the validity of that policy and whether Koger is entitled to damages." *Id.* The Court's judgment that Plaintiff lacked standing to obtain First Amendment injunctive relief was affirmed. *See id.*

After the case was remanded, Plaintiff moved for leave to file a Second Amended Complaint, which sought to add a due process claim. (*See* Mot. for Leave to File 2d Am. Compl., Ex. 1, at 6-7) [Doc. No. 161]. The proposed complaint alleged that the three-book policy, whereby confiscated materials are treated as contraband and destroyed, "violate[s] the Fourteenth Amendment's guarantee of due process because it results in permanent deprivations of Plaintiff's and others' property without due process." *Id.* at 7. During the argument on the motion, Plaintiff's

---

[2] The Seventh Circuit affirmed the summary judgment order denying the claims of two other plaintiffs based upon lack of standing as well as Plaintiff Koger's lack of a justiciable First Amendment claim to an injunction against the policy. *Lyons v. Dart*, 901 F.3d 828, 829-30 (7th Cir. 2018).

counsel acknowledged that Plaintiff's first two complaints "didn't make a separate count, a separate due process count," but claimed that they "thought it was always part of the case." (11/13/18 Tr. at 3:21-23.) Counsel went on to state that it was not until "Judge Easterbrook at the Seventh Circuit identified this as in his mind a critical issue did we think it would be appropriate to make it a separate count." (11/13/18 Tr. at 4:2-5.)

Plaintiff's motion was denied in open court on November 13, 2018 because Plaintiff did not provide any justification for the four-year delay in adding the claim; it would possibly require some additional discovery; and it would definitely require additional briefing on the fully-briefed summary judgment motions. (11/13/18 Tr. at 5:1-9.) Finding that the parties' positions on the effect of the Seventh Circuit's ruling on their previously briefed cross-motions for summary judgment would be helpful, this Court later ordered the parties to file supplemental briefs limited to that issue.

## **DISCUSSION**

There is no dispute that Plaintiff's complaint never included a due process claim. Unfortunately, that relevant point was not made clear to the Court in the parties' summary judgment briefs. (*See, e.g.,* Defs.' Mem. in Support of Defs.' Mot. for Summ. J. at 27) [Doc. No. 120] (discussing procedural due process). Instead, the parties focused on the relative constitutionality of the three-book policy and standing. From the oral argument and Seventh Circuit opinion, it appears that the

parties also did not alert the appellate court that there was no due process claim pending before the trial court.

The Court is therefore left with a Seventh Circuit reversal remanding the case for a merits determination as to damages for an unpleaded claim. The difficulty of applying *Lyons II* to this case as it is actually pleaded is the reason the Court ordered the parties to submit supplemental briefs.

Plaintiff asserts that he was not required to expressly plead a due process claim, and "courts should decide cases based on any legal theory supported by the facts." (Pl.'s Supp. Br. at 12.) Most of the cases he cites, however, involve motions to dismiss complaints, not summary judgment. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014); *Alioto v. Town of Lisbon*, 651 F.3d 715 (7th Cir. 2011); *Liston v. King.com, Ltd.*, 254 F. Supp. 3d 989 (N.D. Ill. 2017).

The only summary judgment case Plaintiff discusses held that the District Court should have considered a new theory of liability that had not been set forth in the plaintiff's complaint and was offered for the first time on summary judgment, as long as the fundamental factual allegations had not changed. *Whitaker v. Milwaukee County*, 772 F.3d 802, 808-09 (7th Cir. 2014). Plaintiff argues that his due process claim is similarly "an alternative legal characterization" of the facts in the case. (Pl.'s Supp. Br. at 13.) However, *Whitaker* does not support Plaintiff's effort to add a due process claim. First, this case is not at the summary judgment stage. Summary judgment was fully briefed without Plaintiff attempting to recast the First Amendment factual allegations into a due process claim. (*See* Pls.' Resp. to

5

Defs.' Summ. J. Mot. at 29) [Doc. No. 126] ("Here, Plaintiffs do not allege a procedural due process violation.") Only after the case was appealed and remanded, with the Seventh Circuit opinion mentioning a potential claim for due process, did Plaintiff even think about adding the claim. It is clearly too late to reframe the facts at this point. Second, *Whitaker* allowed the plaintiff to argue a joint employer liability theory on summary judgment because she was "not attempt[ing] to add a new substantive claim or even a new factual theory of liability," as Plaintiff attempts to do here. *Whitaker*, 772 F.3d at 808.

The matter was remanded to this Court for a determination of the merits of Plaintiff's due process damages claim. Because there is no due process claim in the case, summary judgment must be granted in favor of Defendants.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment [Doc. No. 115] is denied, and Defendants' Motion for Summary Judgment [Doc. No. 118] is granted.

**SO ORDERED.**               **ENTERED:**

**DATE: June 26, 2019**               _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**

6