IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY KOGER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 14 C 6361 |
| ) | |
| THOMAS J. DART and COOK ) | Magistrate Judge |
| COUNTY, ILLINOIS, ) | Maria Valdez |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's counsel's Motion to Substitute Plaintiff [Doc. No. 216] and Defendants' Motion to Dismiss Pursuant to Rule 25 [Doc. No. 220]. For the reasons that follow, Plaintiff's counsel's motion is granted, and Defendants' motion is denied.

## BACKGROUND

In summary,[1] Plaintiff Gregory Koger ("Plaintiff" or "Koger") filed this case against Defendants claiming that jail officials unlawfully confiscated and destroyed his books. The case was dismissed at the summary judgment stage initially, but the Seventh Circuit reversed a portion of the summary judgment order and remanded the case. After another round of summary judgment and another appeal, on March

---

[1] The majority of the lengthy factual and procedural history of this case is not relevant to the present motions, thus only background relevant to the present motions is repeated here.

18, 2020, the Seventh Circuit remanded a second time for the Court to address a due process claim. That is when the issues discussed in the present motions arose.

For about five months after the Seventh Circuit's remand, the substantive activity in the case related to settlement discussions and proposing a new summary judgment briefing schedule. On August 28, 2020, Plaintiff's counsel emailed Defendants' counsel to advise them, for the first time, that Koger had died in March 2020. On August 31, 2020, Defendants' counsel filed a status report which advised the Court of Plaintiff's counsel's email and noted that Koger had apparently died. On September 3, 2020, Defendants filed a document titled "Statement Noting Death on the Record" (the "Suggestion of Death") as to Koger pursuant to Rule 25. Plaintiff's counsel has since advised the Court they were aware of Koger's death by late March 2020.[2]

Despite Koger's death, Plaintiff's counsel continued to negotiate on behalf of him in settlement discussions and contributed to the filing of status reports. Plaintiff's counsel states that in the intervening time between the death and the email to Defendants' counsel the named beneficiary of Plaintiff's estate, Brian Nelson, learned he is ineligible to administer the estate because he has a felony conviction, and Mr. Nelson requested that attorney Brian Orozco seek appointment as the administrator. Thus, Plaintiff's counsel represents that the failure to advise

---

[2] The Court notes that although Plaintiff's counsel previously stated they became aware of Koger's death in late March, about a week after he died, in the Motion for an Extension of Time to Substitute a Plaintiff Pursuant to Fed. R. Civ. P. 25, Koger's counsel states that Koger "died alone in his apartment in Chicago on an unknown date in May 2020. His body was found there on May 17, 2020." (Doc. No. 214 at 1.) The Court assumes this is a typographical error, as in all other filings Plaintiff's counsel has used the March date.

2

Defendants' counsel or the Court of Koger's death was not for the purpose of deception but solely for the purpose of attempting to ascertain the administrator of Koger's estate so a proper plaintiff could be substituted.

On November 13, 2020, the Court denied Defendants' motion for terminating sanctions based on Plaintiff's counsel's admittedly improper course of conduct as it was not the proper remedy for Plaintiff's counsel's conduct. However, the Court was (and is) very troubled by Plaintiff's counsel's conduct in concealing the death of their client for almost six months while this case was pending, and settlement negotiations were occurring. On November 20, 2020, Plaintiff's counsel filed a motion for extension of time to substitute plaintiff under Rule 25, asserting that it would not be possible to substitute a plaintiff by the 90-day deadline that counsel asserted was December 3, 2020.

However, Plaintiff's counsel then filed the present motion on December 2, 2020, thus Plaintiff's counsel's earlier motion, which requested an extension of the deadline that they believed was December 3, 2020, was moot. Plaintiff's counsel states that on November 30, 2020, attorney Brian Orozco was appointed as the administrator of Koger's estate in the Circuit Court of Cook County,[3] and now requests that Mr. Orozco be substituted as the proper plaintiff. Defendants filed a

---

[3] On December 11, 2020, Plaintiff's counsel filed a Motion to Supplement Record with Letters of Office in Support of Motion to Substitute New Plaintiff (Doc. No. 218), which the Court granted. The Letters of Office for Koger's estate reflect that Mr. Orozco was officially appointed as the independent administrator for Koger's estate on November 30, 2020. (*See* Doc. No. 218-1.)

3

motion to dismiss pursuant to Rule 25 in conjunction with their response to Plaintiff's counsel's motion. Both motions are fully briefed and ripe for disposition.

## DISCUSSION

Rule 25(a)(1) governs the substitution of a party who has died. *See Russell v. City of Milwaukee*, 338 F.3d 662, 663 (7th Cir. 2003); *Hicks v. Young*, No. 10 C 3874, 2012 WL 1755735, at *1 (N.D. Ill. May 15, 2012). Under Rule 25, "if the claim on which the suit is based survives the death (some claims, such as claims of defamation, die with the claimant), the court may order the substitution of the proper party, ordinarily the personal representative of the party who has died." *Atkins v. City of Chicago*, 547 F.3d 869, 870-71 (7th Cir. 2008).

The motion for substitution "may be made by any party or by the decedent's successor or representative" and it must be filed "within 90 days after service of a statement noting the death, [or] the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Nonetheless, substituting a party under Rule 25 is "discretionary and may be denied even if the motion is timely filed." *Crotty v. City of Chicago Heights*, No. 86 C 3412, 1990 WL 6816, at *2 (N.D. Ill. Jan. 10, 1990) (citation omitted). The motion "must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3).

Plaintiff's counsel requests that the Court substitute Mr. Orozco, the administrator of Koger's estate, as plaintiff in the case pursuant to Rule 25. Plaintiff's counsel argues the motion to substitute is timely as having been filed on December 2, 2020, which is within 90 days of September 3, 2020, the date on which

4

Defendants filed the Suggestion of Death. Defendants argue the motion should be denied and the case dismissed under Rule 25 because the motion to substitute is untimely under Rule 25 under two alternative theories, and there are no grounds for an extension of time. The Court will first address whether substitution is proper under Rule 25 generally (assuming timeliness of the motion) and will then address Defendants' arguments for dismissal, which relate to timeliness.

A.     **Propriety of the Proposed Substitution Generally**

As an initial matter, the Court finds that Orozco may properly be substituted as plaintiff under Rule 25 as the administrator of Koger's estate. At the time Defendants filed the Suggestion of Death on September 3, 2020, no estate for Koger had yet been opened. Koger did leave a will, however (*see* Doc. No. 203-1 at 1-5), and named his friend Nelson of Waukegan as the executor and sole beneficiary of his estate. Nelson learned that he was legally ineligible to administer the estate because of a past felony conviction, however, and requested that Orozco, an attorney and friend of both Nelson and Koger, seek appointment as the administrator of Koger's estate. On August 26, 2020, Orozco filed the will in the Circuit Court of Cook County and sought appointment as the administrator of the estate. On November 30, 2020, Orozco (represented by Koger's counsel) obtained an order from the Circuit Court of Cook County officially appointing him as the administrator of Koger's estate. (*See* Doc. No. 216-1.)

Defendants have raised a number of concerns with Orozco serving as the substitute plaintiff in the case, including that Orozco was communicating with

5

Plaintiff's counsel for months prior to his appointment as the administrator and receiving confidential information about Koger's case. Defendants also assert that Orozco violated his professional obligations as an attorney by failing to report Plaintiff's counsel's conduct. However, Defendants have cited no authority stating that Orozco's possible unethical conduct is a basis to deny a legally appointed administrator the right to substitute as plaintiff for a decedent in litigation. The administrator of a decedent's estate or the decedent's personal representative is the prototypical proper substitute plaintiff under Rule 25. *See, e.g., Atkins*, 547 F.3d at 873; *Hicks*, 2012 WL 1755735, at *1. Accordingly, the Court concludes that Orozco, as the administrator of Koger's estate, is a proper substitute plaintiff.

Also, Koger's claims in this case were brought pursuant to § 1983 for violations of constitutional rights. These claims survive the death of a plaintiff and may be continued by a decedent's estate. *See Polk v. Dent*, No. 13 CV 9321, 2015 WL 74185, at *3 n.2 (N.D. Ill. Jan. 5, 2015) ("It is well established that § 1983 claims survive a person's death under the Illinois Survival Act") (citing *Anderson v. Romero*, 42 F.3d 1121, 1124 (7th Cir. 1994); *Bennett v. Tucker*, 827 F.2d 63, 68 (7th Cir. 1987); *Estrada v. Hamby*, No. 4 C 434, 2010 WL 333701, at *1 (S.D. Ill. Jan. 26, 2010)). Thus, the nature of the claims brought by Koger allow for the action to be continued by the representative of his estate, Orozco.

B.  **Defendants' Arguments for Dismissal Under Rule 25**

Defendants first contend that due to Plaintiff's counsel's bad faith conduct in attempting to delay the start of the 90-day clock set forth in Rule 25, the Court should apply the doctrine of equitable estoppel and find that the clock actually started to run on July 8, 2020, the first date that Plaintiff's counsel discussed the case with Defendants' counsel after Koger's death. In that case, the 90-day clock would have expired October 6, 2020 and the motion would therefore be untimely.

The doctrine of equitable estoppel applies when one party "takes active steps" to prevent the other party "from suing in time, as by promising not to plead the statute of limitations." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990) (citations omitted), *cert. denied*, 501 U.S. 1261 (1991). Equitable estoppel is "available only under limited circumstances" and involves consideration of factors including "the plaintiff's actual and reasonable reliance on the defendant's conduct or representations" and "evidence of improper purpose on the part of the defendant and the defendant's actual or constructive knowledge of the deceptive nature of its conduct." *Aungst v. Westinghouse Elec. Corp.*, 937 F.2d 1216, 1225 (7th Cir. 1991) (citations omitted).

Defendants cite *Anderson v. Yungkau*, 329 U.S. 482, 485 (1947) for the proposition that a previous similar version of Rule 25 operated as a statute of limitations in some circumstances.[4] Defendants cite no authority stating that the

---

[4] It does not appear that the Seventh Circuit has spoken on this particular issue, but the Fifth Circuit, after *Anderson* was decided, found under different circumstances that Rule 25 did not operate as a statute of limitations. *See Perry v. Allen*, 239 F.2d 107, 112 (5th Cir. 1956).

7

current Rule 25(a)(1) and its 90-day time limitation operate as a statute of limitations, however, or that the current or former Rule 25 operated as a statute of limitations for the purpose of applying the doctrine of equitable estoppel. The text of Rule 25 only requires that a motion for substitution be filed within 90 days after service of a statement acknowledging the death, which contemplates that the representative of the estate, for example, will not be required to seek substitution until they are formally notified of the death.[5] *See* Fed. R. Civ. P. 25(a)(1). The rule says nothing about delay between a party's death and the filing of a suggestion of death, and there is no authority cited by Defendants or that the Court can locate stating that such a delay is a basis to deny substitution of a party under Rule 25 or a basis to invoke the doctrine of equitable estoppel. Thus, the Court rejects this argument.

Alternatively, Defendants argue the 90-day clock started to run on August 31, 2020, the date that Defendants' counsel filed a status report that advised the Court of Plaintiff's death, and the motion to substitute is therefore untimely by two days. Defendants argue that the August 31, 2020 status report "complies with all formal requirements of Rule 25 as a 'statement noting death' on the record" and

---

[5] It is unclear whether and when Nelson or Orozco, the relevant nonparties here as the personal representative and administrator of the estate, respectively, were formally served with the Suggestion of Death (although Plaintiff's counsel represents they were), but the motion was filed within 90 days after the Suggestion of Death was filed on the record in any event. Furthermore, the requirement of service of the Suggestion of Death on the representative or administrator of the estate is for the purpose of protecting the nonparty "in a situation in which a lawyer for someone else (the decedent) has thrust him into a case that he would rather not be in, or at least not as the client of this lawyer." *Atkins*, 547 F.3d at 874. Here, Nelson and Orozco were in communication with Plaintiff's counsel from the time of Koger's death and consented to Plaintiff's counsel's representation. Thus, there is no issue with respect to service on the nonparties.

8

should be considered the formal notification of Koger's death for purposes of Rule 25. (Doc. No. 220 at 11.)

The Court agrees that Rule 25 does not contain any particular format requirements for the "statement noting the death" that starts the 90-day clock. Fed. R. Civ. P. 25(a)(1). However, it is clear that Defendants themselves intended, and Plaintiff's counsel and Orozco understood, the September 3, 2020 Suggestion of Death to be the formal filing noting the death on the record under Rule 25(a)(1).[6]

The Suggestion of Death is, precisely, titled "Statement Noting Death on the Record" and Defendants represent that the purpose of the filing is to "note[] the death of a party" and to serve as a "statement noting death pursuant to Rule 25(a)[.]" (Doc. No. 202 at 1.) Further, Defendants requested appointment of a special process server to serve the Suggestion of Death on Koger's successor,[7] but they did not request that the status report be served on anyone. It is unclear why

---

[6] Even in their response to Plaintiff's counsel's motion, Defendants describe the September 3, 2020 Suggestion of Death as their "formal Statement Noting Death." (Doc. No. 220 at 11.) Further, Defendants did not take the position that their August 31, 2020 status report formally noted Koger's death on the record for the purposes of Rule 25 before their asserted 90-day time limitation expired and have instead proceeded as if the September 3, 2020 Suggestion of Death started the 90-day clock, and previously took the position that the Suggestion of Death started the clock. (*See* Doc. No. 206 at 2) ("On September 3, 2020, Defendants filed a Suggestion of Death as to Plaintiff Gregory Koger pursuant to Rule 25."). If the purpose of Rule 25 is to provide official notice of a party's death, then it follows that the party noting the death on the record must give notice sufficient to enable interested parties to ascertain by when they must take action. *See* Fed. R. Civ. P. 25(a)(1).

[7] Such formal service was unnecessary, however, because "if the suggestion of death is filed by the opposing party, that party is not required to serve a successor or representative if he doesn't know who that is, and so the 90-day period starts to run from the filing of the suggestion." *Atkins*, 547 F.3d at 873. Nonetheless, Defendants attempted to comply with the formal requirements of Rule 25 as to service of the September 3, 2020 filing and not the August 31, 2020 filing, which further shows that the September 3, 2020 filing was intended to be the formal statement noting the death and starting the 90-day clock.

9

Defendants would file the Suggestion of Death on September 3 if they believed that their August 31 status report mentioning Koger's death was a formal notice of the death under Rule 25(a)(1). Defendants also cite no authority stating that a status report or similar filing can serve as a Suggestion of Death under Rule 25.

This Court interprets Rule 25 to at least require that, in order to qualify as the statement noting a party's death on the record that starts the 90-day clock, the circumstances surrounding the filing must be such that it is clear the filer intended the document to be the formal statement noting a party's death on the record. Here, Defendants clearly did not intend the August 31 filing as formal notice under Rule 25, since days later they filed a Suggestion of Death and stated that it was intended to be the formal statement noting death under Rule 25. (*See* Doc. No. 202 at 1.) Thus, the Court finds that the September 3, 2020 Suggestion of Death started the 90-day clock under Rule 25 and the motion for substitution is timely.[8]

The Court emphasizes, as explained in the order on Defendants' motion for sanctions, that the conduct of Plaintiff's counsel and Orozco since the time of Koger's death is highly questionable and may raise legitimate ethical concerns. The Court is also not unsympathetic to Defendants' counsel's frustrations and concerns

---

[8] Because the Court finds that the motion for substitution was timely under Rule 25, Defendants' argument that an extension of time to file the motion for substitution under Rule 25 is inappropriate is moot. However, even if the August 31, 2020 status report started the 90-day clock, the Court would find a two-day extension of time under Rule 25 warranted under the circumstances, especially because if there was confusion about the date that the 90-day clock started, it was caused by Defendants submitting two different filings both noting the death, but the latter filing being styled as the formal statement under Rule 25. *See, e.g., Cont'l Bank v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (explaining that "the history of Rule 25(a) and Rule 6(b) makes it clear that the 90-day time period was not intended to act as a bar to otherwise meritorious actions, and extension of the period may be liberally granted.").

regarding the events surrounding Koger's death. However, the conduct at issue is simply not a basis to dismiss the case outright, nor a sufficient basis to deny substitution under Rule 25. Thus, the motion to substitute plaintiff will be granted and the motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, the Motion to Substitute Plaintiff [Doc. No. 216] is granted. The Clerk of Court is directed to amend the case caption to reflect as Plaintiff Brian Orozco, as the administrator of the estate of Gregory Koger, deceased, and that Orozco is represented by the same counsel of record as is listed for Koger. Defendants' Motion to Dismiss Pursuant to Rule 25 [Doc. No. 220] is denied. The parties are directed to file an agreed summary judgment briefing schedule within seven days from the date of this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:  February 22, 2021**  _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**